MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

JAIME RODRIGO CARCHI BURI,
ADONAHI BRAVO, CARLOS RICO and
ISAAC MORENO MOLINA, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
|  | **ECF Case** |

325 H & M FOOD CORP. (d/b/a AROME
CAFE), BROADWAY AROME CAFE LLC
(d/b/a AROME CAFE), MYUNG S. YOO,
PETER AN, TAE E. KIM, and SAM DOE,

*Defendants.*
--------------------------------------------------------X

Plaintiffs Jaime Rodrigo Carchi Buri, Adonahi Bravo, Carlos Rico and Isaac Moreno Molina, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against 325 H & M Food Corp. (d/b/a Arome Cafe), Broadway Arome Cafe LLC (d/b/a Arome Cafe) ("Defendant Corporations"), Myung S. Yoo, Peter An, Tae E. Kim and Sam Doe ("Individual Defendants"), allege as follows:

## NATURE OF THE ACTION

1.    This is an action to recover minimum and overtime wages, spread of hours pay and liquidated damages, interest, costs, and attorneys' fees for violations of the FLSA ("FLSA") and the New York Labor Law ("NYLL"), and associated rules and regulations,.

2.    Plaintiffs are former employees of Defendants 325 H & M Food Corp. (d/b/a Arome Cafe), Broadway Arome Cafe LLC (d/b/a Arome Cafe), Myung S. Yoo, Peter An, Tae E. Kim and Sam Doe (collectively, "Defendants").

3.    Defendants own, operate, or control a Deli Restaurant located at 325 Broadway, New York, NY 10007 under the name Arome Cafe.

4.    Upon information and belief, individual defendants Myung S. Yoo, Peter An, Tae E. Kim and Sam Doe serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

5.    Plaintiffs were employed as dishwashers, salad preparers, deli workers, grill workers and a delivery worker.

6.    However, Plaintiff Bravo, the delivery worker, was required to spend a considerable part of his work day performing non-tipped, non-delivery duties including but not limited to, various restaurant duties such as cleaning the entire restaurant, cleaning the bathroom and the restaurant windows, dishwashing, sweeping, mopping, cooking, stocking products in the basement, bringing products from the basement to the restaurant, washing the sidewalks, taking out the trash, and folding and deconstructing card boxes (hereafter the "non-tipped, non-delivery duties").

7.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

10.     Defendants employed and accounted for Plaintiff Bravo as a delivery or tipped worker in their payroll, but in actuality Plaintiff Bravo's duties required a significant amount of time spent in non-tipped, non-delivery duties.

11.     Regardless, at all times Defendants paid Plaintiff Bravo at a rate that was lower than the required minimum wage rate.

12.     Under state law, Defendants were not entitled to take a tip credit because Plaintiff Bravo's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day (12 N.Y. C.R.R. §146).

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Bravo's actual duties in payroll records by designating him as a delivery or tipped worker instead of non-tipped employee. This allowed Defendants to avoid paying Plaintiff Bravo at the minimum wage rate and enabled them to pay Plaintiff Bravo at a lower wage rate.

14.     Furthermore, defendants maintained a policy and practice of unlawfully appropriating Plaintiff Bravo's and other tipped employees' tips and made unlawful deductions from Plaintiff Bravo's and other similarly situated tipped employees' wages.

15.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Deli Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

20.     Plaintiff Jaime Rodrigo Carchi Buri ("Plaintiff Carchi" or "Mr. Carchi") is an adult individual residing in Queens County, New York. Plaintiff Carchi was employed by Defendants from approximately September 2013 until on or December 29, 2013 and from approximately May 11, 2015 until on or about June 2017.

21.     Plaintiff Adonahi Bravo ("Plaintiff Bravo or "Mr. Bravo") is an adult individual residing in Westchester County, New York. Plaintiff Bravo was employed by Defendants from approximately November 2011 until on or about October 2016.

22.     Plaintiff Carlos Rico ("Plaintiff Rico" or "Mr. Rico") is an adult individual residing in Queens County, New York. Plaintiff Rico was employed by Defendants from approximately April 28, 2006 until on or about May 26, 2017.

23.     Plaintiff Isaac Moreno Molina ("Plaintiff Moreno" or "Mr. Moreno") is an adult individual residing in Queens County, New York. Plaintiff Moreno was employed by Defendants from approximately July 2008 until on or about September 2016.

*Defendants*

24.     At all relevant times, Defendants own, operate, or control a Deli Restaurant located at 325 Broadway #2, New York, NY 10007 under the name "Arome Cafe".

25.      Upon information and belief 325 H & M Food Corp. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

26.     Upon information and belief, Defendant Corporation has its principal place of business at 325 Broadway #2, New York, NY 10007.

27.     Upon information and belief Broadway Arome Cafe LLC. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

28.     Upon information and belief, Defendant Corporation has its principal place of business at 325 Broadway #2, New York, NY 10007.

29.     Defendant Myung S. Yoo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

30.     Defendant Myung S. Yoo is sued individually in his capacity as owner, officer and/or agent of defendant Corporations. Defendant Myung S. Yoo possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

31.     Defendant Myung S. Yoo determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

32.     Defendant Peter An is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

33.     Defendant Peter An is sued individually in his capacity as owner, officer and/or agent of defendant Corporations. Defendant Peter An possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations.

34.     Defendant Peter An determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

35.     Defendant Tae E. Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

- 6 -

36.    Defendant Tae E. Kim is sued individually in his capacity as owner, officer and/or agent of defendant Corporations. Defendant Tae E. Kim possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

37.    Defendant Tae E. Kim determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

38.    Defendant Sam Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

39.    Defendant Sam Doe is sued individually in his capacity as owner, officer and/or agent of defendant Corporations. Defendant Sam Doe possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

40.    Defendant Sam Doe determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

41.    Defendants operate a Deli Restaurant located in the Tribeca section of Lower Manhattan in New York City.

42.    Individual Defendants, Myung S. Yoo, Peter An, Tae E. Kim and Sam Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

43.    Defendants are associated and joint employers, acted in the interest of each other with respect to employees, payed employees by the same method, and shared control over employees.

44.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

45.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

46.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

47.    Upon information and belief, individual defendants Myung S. Yoo,  Peter An, Tae E. Kim and Sam Doe, operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a.    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b.    defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.    transferring assets and debts freely as between all Defendants,

    d.   operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e.   operating Defendant Corporations for their own benefit and maintaining control over them as  closed Corporations,

    f.   intermingling assets and debts of their own with Defendant Corporations,

    g.   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests; and,

    h.   other actions evincing a failure to adhere to the corporate form.

48.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

49.    In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

50.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

51.    Plaintiffs are former employees of Defendants who were employed as a dishwashers, salad preparers, deli workers, grill workers, sandwich preparers and delivery worker.

52.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jaime Rodrigo Carchi Buri*

53.    Plaintiff Carchi was employed by Defendants from approximately September 2013 until on or about December 29, 2013 and from approximately May 11, 2015 until on or about June 2017.

54.    Defendants employed Plaintiff Carchi as a dishwasher, salad preparer, and deli worker.

55.    Plaintiff Carchi regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

56.    Plaintiff Carchi's work duties required neither discretion nor independent judgment.

57.    Throughout his employment with Defendants, Plaintiff Carchi regularly worked in excess of 40 hours per week.

58.    From approximately September 2013 until on or about December 29, 2013, Plaintiff Carchi worked from approximately 8:00 a.m. until on or about 7:00 p.m. five days a week (typically 55 hours per week).

59.    From approximately May 11, 2015 until on or about June 2016, Plaintiff Carchi worked from approximately 6:30 a.m. until on or about 4:00 p.m. five days a week (typically 47.5 hours per week).

60.    From approximately June 2016 until on or about September 2016, Plaintiff Carchi worked from approximately 6:30 a.m. until on or about 3:00 p.m. five days a week (typically 42.5 hours per week).

61.     From approximately September 2016 until on or about June 2017, Plaintiff Carchi worked from approximately 6:30 a.m. until on or about 5:00 p.m. five days a week (typically 52.5 hours per week).

62.     Throughout his employment with defendants, Plaintiff Carchi was paid his wages in cash.

63.     From approximately September 2013 until on or about December 29, 2013, defendants paid Plaintiff Carchi a fixed salary of $450 per week.

64.     From approximately May 11, 2015 until on or about September 2015, defendants paid Plaintiff Carchi a fixed salary of $405 per week.

65.     From approximately September 2015 until on or about June 2016, defendants paid Plaintiff Carchi a fixed salary of $425 per week.

66.     From approximately June 2016 until on or about September 2016, defendants paid Plaintiff Carchi a fixed salary of $405 per week.

67.     From approximately September 2016 until on or about December 2016, defendants paid Plaintiff Carchi a fixed salary of $480 per week.

68.     From approximately January 2017 until on or about June 2017, defendants paid Plaintiff Carchi a fixed salary of $510 per week.

69.     Plaintiff Carchi's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

70.     In fact, from approximately May 11, 2015 until on or about September 2015 and from approximately June 2016 until on or about June 2017 defendants required Plaintiff Carchi  to arrive 30 minutes prior to his scheduled arrival time every day, and did not compensate him for the additional time they required him to work.

71.    Defendants never granted Plaintiff Carchi a meal break or rest period of any length.

72.    Plaintiff Carchi was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

73.    Defendants did not provide Plaintiff Carchi with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

74.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Carchi regarding overtime and wages under the FLSA and NYLL.

75.    Defendants never gave any notice to Plaintiff Carchi, in English and in Spanish (Plaintiff Carchi's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Adonahi Bravo*

76.     Plaintiff Bravo was employed by Defendants from approximately November 2011 until on or about October 2016.

77.    Defendants ostensibly employed Plaintiff Bravo as a delivery worker.

78.    However, Plaintiff Bravo was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

79.    Although Plaintiff Bravo was ostensibly employed as a delivery worker, he spent over 20% of the time he worked each day performing non-delivery work throughout his employment with Defendants.

80.    Plaintiff Bravo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

81.    Plaintiff Bravo's work duties required neither discretion nor independent judgment.

82.    Throughout his employment with Defendants, Plaintiff Bravo regularly worked in excess of 40 hours per week.

83.    From approximately November 2011 until on or about October 2016, Plaintiff Bravo worked from approximately 8:00 a.m. until on or about 7:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 3:00 p.m. on Saturdays (typically 64 hours per week).

84.    Throughout his employment with defendants, Plaintiff Bravo was paid his wages in cash.

85.    From approximately November 2011 until on or about December 2012, defendants paid Plaintiff Bravo a fixed salary of $450 per week.

86.    From approximately January 2013 until on or about October 2016, defendants paid Plaintiff Bravo a fixed salary of $500 per week.

87.    Defendants never granted Plaintiff Bravo a meal break or rest period of any length.

88.    Plaintiff Bravo was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

89.    Defendants did not provide Plaintiff Bravo with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

90.    Defendants never notified Plaintiff Bravo that his tips were being included as an offset for wages.

91.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Bravo's wages.

92.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Bravo regarding overtime and wages under the FLSA and NYLL.

93.    Defendants never gave any notice to Plaintiff Bravo, in English and in Spanish (Plaintiff Bravo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.    Defendants required Plaintiff Bravo to purchase "tools of the trade" with his own funds—including three bicycles, fifteen polo shirts per year with the business name on them, and bike maintenance.

*Plaintiff Carlos Rico*

95.    Plaintiff Rico was employed by Defendants from approximately April 28, 2006 until on or about May 26, 2017.

96.    Defendants employed Plaintiff Rico as a deli and grill worker.

97.    Plaintiff Rico regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

98.    Plaintiff Rico's work duties required neither discretion nor independent judgment.

99.    Throughout his employment with Defendants, Plaintiff Rico regularly worked in excess of 40 hours per week.

100.    From approximately October 2011 until on or about September 2013, Plaintiff Rico worked from approximately 5:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 55 hours per week).

101.    From approximately September 2013 until on or about March 2017, Plaintiff Rico worked from approximately 4:30 a.m. until on or about 5:30 p.m. Mondays through Fridays (typically 65 hours per week).

102.     From approximately March 2017 until on or about May 26, 2017, Plaintiff Rico worked from approximately 4:00 a.m. until on or about 2:00 p.m. two days a week, and from approximately 4:00 a.m. until on or about 4:00 p.m. three days a week (typically 56 hours per week).

103.     Throughout his employment with defendants, Plaintiff Rico was paid his wages in cash.

104.     From approximately October 2011 until on or about September 2013, defendants paid Plaintiff Rico a fixed salary of $600 per week.

105.     From approximately September 2013 until on or about May 26, 2017, defendants paid Plaintiff Rico a fixed salary of $750 per week.

106.     Defendants never granted Plaintiff Rico a meal break or rest period of any length.

107.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Rico regarding overtime and wages under the FLSA and NYLL.

108.     Plaintiff Rico was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

109.     Defendants did not provide Plaintiff Rico with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

110.     Defendants did not give any notice to Plaintiff Rico, in English and in Spanish (Plaintiff Rico's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Isaac Moreno Molina*

- 15 -

111.    Plaintiff Moreno was employed by Defendants from approximately July 2008 until on or about September 2016.

112.    Defendants employed Plaintiff Moreno as a sandwich preparer.

113.    Plaintiff Moreno regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

114.    Plaintiff Moreno's work duties required neither discretion nor independent judgment.

115.    Throughout his employment with Defendants, Plaintiff Moreno regularly worked in excess of 40 hours per week.

116.    From approximately October 2011 until on or about February 2014, Plaintiff Moreno worked from approximately 7:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 45 hours per week).

117.    From approximately February 2014 until on or about August 2014, Plaintiff Moreno worked from approximately 8:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 40 hours per week).

118.    From approximately August 2014 until on or about September 2016, Plaintiff Moreno worked from approximately 7:00 a.m. until on or about 4:00 p.m. five days a week (typically 45 hours per week).

119.    Throughout his employment with defendants, Plaintiff Moreno was paid his wages in cash.

120.    From approximately October 2011 until on or about September 2013, defendants paid Plaintiff Moreno a fixed salary of $600 per week.

- 16 -

121.    From approximately September 2013 until on or about September 2016, defendants paid Plaintiff Moreno a fixed salary of $750 per week.

122.    Defendants never granted Plaintiff Moreno a meal break or rest period of any length.

123.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Moreno regarding overtime and wages under the FLSA and NYLL.

124.    Plaintiff Moreno was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

125.    Defendants did not provide Plaintiff Moreno with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

126.    Defendants did not give any notice to Plaintiff Moreno, in English and in Spanish (Plaintiff Moreno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

127.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

128.    Plaintiff carchi was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

129.    Defendants' pay practices resulted in Plaintiff Carchi not receiving payment for all his hours worked, resulting in Plaintiff Carchi's effective rate of pay falling below the required minimum wage rate.

130.    Defendants habitually required Plaintiff Carchi to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

131.    Defendants required Plaintiff Bravo to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as a delivery worker or tipped worker.

132.    Plaintiff Bravo was employed ostensibly as a tipped employee by Defendants, although his actual duties included a significant amount of time spent performing non-tipped duties.

133.    Plaintiff Bravo was paid at a rate that was lowered than the required minimum wage rate by Defendants.  However, under state law, Defendants were not entitled to a tip credit because Plaintiff Bravo's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

134.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

135.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

136.    At no time did Defendants inform Plaintiff Bravo that they had reduced his hourly wage by a tip allowance.

137.    Defendants failed to maintain a record of tips earned by Plaintiff Bravo for the services he provided customers.

138.    Defendants paid Plaintiffs all their wages in cash.

139.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

140.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

141.    Defendants required Plaintiff Bravo to provide his own tools for the job, and refused to compensate him or reimburse him for these expenses.

142.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

143.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

144.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

145.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

146.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

147.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

148.     At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, had substantially similar job requirements and pay provisions.

149.     At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

150.     At all relevant times, Plaintiffs, and other members of the FLSA Class who were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

151.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

152.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

153.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

154.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

155.     Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

156.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate.

157.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

158.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

159.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

160.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

161.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

162.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

163.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

164.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

165.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

166.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

167.    Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

168.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

169.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

170.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

171.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

172.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

173.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

174.    Defendants' failure to pay Plaintiffs  an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

175.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

176.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

177.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

178.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

179.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

180.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

worked; and the number of overtime hours worked, as required by NYLL 195(3).

181.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

182.    Plaintiffs repeat and re-allege all paragraphs above as though set forth fully herein.

183.    Defendants required Plaintiff Bravo to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as black shirts, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

184.    Plaintiff Bravo was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class

members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs ;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs ;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs ;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 31, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 20, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Adonahi Bravo Modesto

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           20 de octubre de 2017

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 25, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Carlos A. Rico

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           25 de octubre de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 25, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Isaac Moreno Molina

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                         25 de octubre de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 20, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                             Jaime Rodrigo Carchi Buri

Legal Representative/ Representante       Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                             October 20, 2017

*Certified as a minority-owned business in the State of New York*